UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

MONROE DIVISION

| | |
|---|---|
| **BARNHART CRANE AND RIGGING CO.** | **CIVIL ACTION NO. 14-2411** |
| **VERSUS** | **JUDGE ROBERT G. JAMES** |
| **ADVANCED SERVICES, INC.** | **MAG. JUDGE KAREN L. HAYES** |

## RULING

Plaintiff, Barnhart Crane and Rigging Co. ("Barnhart"), brought this diversity tort action against Advanced Services, Inc. ("Advanced Services"), alleging that Advanced Services' negligence caused Barnhart to suffer the total loss of one of its cranes, as well as other significant financial damages. Pending before the Court is Advanced Services' "Motion for Partial Summary Judgment" [Doc. No. 19], in which it argues that Barnhart has no right to recover damages belonging to a third party, Graphic Packaging International, Inc. ("Graphic Packaging"). Barnhart filed an opposition memorandum. [Doc. No. 21]. Advanced Services filed a reply. [Doc. No. 22].

For the following reasons, the Motion is DENIED.

**I.    FACTS AND PROCEDURAL BACKGROUND**

Barnhart was hired by Graphic Packaging[1] to provide a crane and a crane operator to assist in demolition services at Graphic Packaging's plant. Advanced Services was overseeing the demolition project pursuant to a contract with Graphic Packaging. There was no contractual agreement between Advanced Services and Barnhart.

On April 3, 2014, Barnhart's crane operator, Patrick Russell ("Russell"), attempted to lift a

---

[1] Graphic Packaging operates a paper processing and packaging plant in West Monroe, Louisiana.

piece of metal that was in excess of the crane's lifting capacity. The crane had a gross lifting capacity of 12,350 pounds and a net lifting capacity of 10,250 pounds. Advanced Services was allegedly charged with determining the size and weight of the pieces being cut for lifting and removal from the site. According to Barnhart, Advanced Service's foreman, Wes White ("White"), instructed Russell to lift a piece of cut metal, assuring Russell that the piece in question did not weigh more than 10,000 pounds. Russell had expressed concern about the weight, but, after White's assurances, attempted to lift the piece.

In the middle of the lift, the crane toppled over, and the crane's boom landed on top of Graphic Packaging's bark conveyer, rendering it inoperable and resulting in a partial shut down of the plant. After the incident, Barnhart conducted an investigation and discovered that the piece Russell attempted to lift weighed 23,320 pounds, more than twice the crane's net lifting capacity.

Under the Purchase Order between Barnhart and Graphic Packaging, Barnhart was contractually obligated to indemnify Graphic Packaging for all losses "arising out of the performance of any services by or on behalf of [Barnhart] for [Graphic Packaging]," whether or not Barnhart acted negligently. [Doc. No. 21-3, Exh. A, Purchase Order, p. 3 at § 3]. Graphic Packaging made a demand upon Barnhart for payment of the damages sustained to its property pursuant to this contract, and Barnhart paid the full amount. Graphic Packaging did not assign its rights to Barnhart.

Barnhart initiated this diversity suit against Advanced Services on August 1, 2014, claiming that White's negligent failure to report the actual weight of the piece to Russell caused the total loss of the crane and its contractual liability to pay Graphic Packaging's damages. Advanced Services then filed the instant Motion for Summary Judgment. [Doc. No. 19], contending that Barnhart cannot be legally subrogated to Graphic Packaging's losses. Barnhart filed an opposition memorandum

[Doc. No. 21], to which Advanced Services replied. [Doc. No. 22].

II.    LAW AND ANALYSIS

    A.    **Standard of Review**

Under Federal Rule of Civil Procedure 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)(2).

    B.    **Applicable Law**

Because the Court is sitting in diversity, the Court applies the substantive law of Louisiana, the forum state. *See, e.g., Holt v. State Farm Fire & Cas. Co.*, 627 F.3d 188, 191 (5th Cir. 2010) (citing *Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938)).[2]

    C.    **Subrogation**

Advanced Services contends that Barnhart cannot be conventionally or legally subrogated to Graphic Packaging's rights because Barnhart and Graphic Services were not co-obligors on the purchase order of the crane and because Graphic Packaging did not assign its rights to Barnhart. In response, Barnhart argues legal subrogation applies because it paid for all of Graphic Packaging's damages, a contractual obligation Barnhart asserts it would not have incurred in the absence of Advanced Services' negligence.

---

[2] The parties do not dispute that Louisiana law governs this case.

Subrogation is the substitution of one person to the rights of another. It may be conventional or legal. La. C.C. art. 1825. Subrogation takes place by operation of law[3] in "favor of an obligor [here, Barnhart] who pays a debt he owes with others or for others and who has recourse against those others as a result of the payment . . . ." La. C.C. art. 1829. More specifically, legal subrogation occurs when the paying obligor satisfies "the obligee's [here, Graphic Packaging's] *entire debt*–not just the paying obligor's portion–and when the paying obligor brings an action against the others as a result of payment." *Dumas v. Angus Chemical Co.*, 31,969-CW (La. App. 2 Cir. 8/20/1999),742 So.2d 655, 667 (emphasis added).

Barnhart can be legally subrogated to Graphic Packaging's rights because it satisfied a debt in its entirety for which Advanced Services is potentially liable. Advanced Services argues legal subrogation cannot apply because to do so here would be tantamount to holding that, every time a joint tortfeasor settles, the "settling" tortfeasor could turn and claim contribution or indemnity from the remaining tortfeasor. Advanced Services correctly notes that contribution only applies to tortfeasors that are solidarily liable and that the Louisiana legislature abolished contractual solidary liability in 1996.[4] But just because a party characterizes a claim as one for contribution or indemnity does not mean, as a matter of law, that it actually is. *See, e.g., Kadlec Med. Ctr. v. Lakeview Anesthesia Associates*, CIV.A. No. 04-997, 2005 WL 1155767, at *2 (E.D. La. May 11, 2005) (under similar circumstances to this case, and, applying Louisiana law, the court refused to dismiss the

---

[3] Barnhart concedes that it cannot be conventionally subrogated to Graphic Packaging's rights.

[4] In 1996, the Louisiana legislature amended article 2324 of the Louisiana Civil Code and abolished solidary liability among non-intentional tortfeasors, placing Louisiana in a pure comparative fault system. *See* La. C. C. arts. 2323, 2324.

plaintiff's negligence-based claims in the face of arguments that those claims were backdoor attempts to assert impermissible claims for contribution or indemnity).

Here, Barnhart did not "settle" a claim as Advanced Services insinuates. Rather, Barnhart paid Graphic Packaging an amount it was contractually bound to, regardless of its own negligence.[5] Barnhart simply contends that, as a direct consequence of Advanced Services' negligence, it incurred contractual liability and suffered an attendant financial loss that it otherwise would not have. At this stage in litigation, the Court cannot say, as a matter of law, that Barnhart's claim against Advanced Services is one for contribution or indemnity. Therefore, for this reason, and because Barnhart entirely satisfied Graphic Packaging's losses, it can potentially be legally subrogated to Graphic Packaging's rights.

### III. CONCLUSION

For the reasons stated above, Advanced Services' Motion for Partial Summary Judgment is DENIED.

MONROE, LOUISIANA, this 31st day of July, 2015.

*(signature)*
ROBERT G. JAMES
UNITED STATES DISTRICT JUDGE

---

[5] Under the Purchase Order, Barnhart was required to reimburse Graphic Packaging for damages resulting from use of its crane, regardless of whether damages resulted from Barnhart's negligence. *See* [Doc. No. 21-3, Exh. A, Purchase Order, p. 3 at § 3].